Filed 9/20/22 P. v. Murphy CA3
Opinion following rehearing

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RUDY JAMES MURPHY,<br><br>Defendant and Appellant. | C093199<br><br>(Super. Ct. No. 96F09069)<br><br>OPINION ON REHEARING |

Defendant Rudy James Murphy appeals from a postjudgment order denying his petition for resentencing under former Penal Code section 1170.95.[1] Defendant argues the trial court erred in engaging in factfinding and not accepting the allegations of his petition as true. Defendant also argues the jury's finding of robbery-murder special

---

[1] Further undesignated statutory references are to the Penal Code. Effective June 30, 2022, former section 1170.95 was recodified without substantive change to section 1172.6. (Stats. 2022, ch. 58, § 10.) In this opinion, we shall continue to refer to this section as former section 1170.95 for purposes of clarity and conformity with the petition.

1

circumstances does not preclude his eligibility for resentencing as a matter of law, because those findings were made prior to the Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). After we issued our opinion affirming the trial court's order, defendant filed a petition for rehearing in anticipation of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). The Attorney General concedes the petition should be granted and the matter should be remanded to the trial court for further proceedings. We granted the petition for rehearing and, based on *Strong,* we agree we must reverse the order of the trial court and remand the matter for the trial court to issue an order to show cause and hold an evidentiary hearing on the petition under former section 1170.95.**2**

## I. BACKGROUND

We set forth the facts of this case in our unpublished opinion affirming the judgment on direct appeal in *People v. Murphy* (April 24, 2001, C029954) [nonpub. opn.] (*Murphy*).

R.F., her sister M.F., and her boyfriend T.B. checked into a motel. There, they met the victim, Jeffrey Stetka, who was staying in a room nearby. (*Murphy, supra,* C029954.)

Defendant and his friend, Aaron, joined R.F. and T.B. at the motel. The four went to Stetka's room, rummaged through his stuff looking for a gun, and took some of his clothes. (*Murphy, supra,* C029954.)

Later that evening, Stetka joined the group in R.F.'s room. They drank and smoked methamphetamine. Stetka returned to his own room after he became intoxicated. After he left, defendant, Aaron, and M.F. hatched a plot to steal Stetka's gun. R.F.

---

**2** Defendant filed a timely notice of appeal on November 30, 2020, and the matter was fully briefed on May 11, 2022.

2

implored the group not to do this and went to Stetka's room to urge him to leave the motel. Stetka was lying on his bed and would not get up. (*Murphy, supra,* C029954.)

M.F. went to Stetka's room to make sure he was asleep and to leave the door open for defendant and Aaron. Defendant and Aaron went to Stetka's room and when M.F. joined them, she saw Aaron take a knife out of Stetka's body. Stetka died from multiple stab wounds. The group took various items from the victim's room. (*Murphy, supra,* C029954.)

Defendant, Aaron, and M.F. sold items they took from Stetka's room. The trio went to Aaron's girlfriend's house. There, they showed her the sports jerseys and caps they took from Stetka's room. Defendant was nervous and wanted to know what was being reported on the news. (*Murphy, supra,* C029954.)

The prosecution filed an amended information charging defendant and Aaron with murder. (§ 187, subd. (a).) The information further alleged this crime was a serious felony and both defendant and Aaron used a knife in the commission of the murder. (§§ 1192.7, subd. (c)(1), 12022, subd. (b).) The information also charged them with robbery and alleged this offense was a serious felony. (§§ 211, 1192.7, subd. (c)(19).) The information alleged special circumstances allegations that defendant and Aaron committed the murder during the commission of a robbery or a burglary. (§ 190.2, subd. (a)(17).)

After trial, the jury convicted defendant of robbery (§ 211) and first degree murder with the robbery special circumstances (§§ 187, subd. (a), 190.2, subd. (a)(17)(A)). (*Murphy, supra,* C029954.) It found not true the allegation defendant used a knife in the commission of the crime. (§ 12022, subd. (b).) Contrasted with its true robbery special circumstances finding, the jury also found not true the special allegation defendant committed the murder during the commission of a burglary. (§ 190.2, subd. (a)(17).) The trial court sentenced defendant to life without the possibility of parole and we affirmed the judgment on appeal. (*Murphy, supra,* C029954.)

3

In 2019, defendant filed a petition under Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015; Senate Bill 1437) and former section 1170.95 to have his murder conviction vacated, and to be resentenced. In his petition, defendant checked the boxes stating he was convicted of murder and could not now be convicted of murder because of the changes made to sections 188 and 189 effective January 1, 2019. He further checked the boxes he was not the actual killer; he did not, with the intent to kill aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of the murder; and he was not a major participant in the felony or did not act with reckless disregard to human life in the course of the crime.

After the trial court appointed counsel for defendant, it received briefing from both parties.

In ruling on the petition, the trial court reviewed the facts of the case presented to the jury, the jury instructions, and our prior decision. Based on this review, the trial court found the evidence was overwhelming that defendant planned to murder and rob the victim and solicited assistance from Aaron and M.F. It found the evidence demonstrated defendant was the actual killer, or if he was not, he aided and abetted the crime, with the intent to kill. It further found defendant was a major participant and acted with reckless indifference to human life. As a result, the court denied the petition.

## II. DISCUSSION

Defendant argues the trial court should not have engaged in fact finding, but rather should have issued an order to show cause and set this matter for an evidentiary hearing because he established a prima facie case he was entitled to relief. Defendant further argues the trial court's finding he was the actual killer is contravened by the jury's findings at trial. He argues the jury's special circumstance finding should not bar his petition as a matter of law because it was decided before our Supreme Court clarified the law in *Banks* and *Clark*, and the evidence was insufficient under these cases to support the special circumstance finding. The Attorney General concedes the matter should be

4

remanded for further proceedings. We conclude defendant has established a prima facie case for resentencing and the matter must be remanded for the court to issue an order to show cause and hold the appropriate evidentiary hearing.

A.    *Legal Background*

Senate Bill 1437 was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill amended section 188, which defines malice, and section 189, which defines the degrees of murder to address felony-murder liability. (Stats. 2018, ch. 1015, §§ 2 & 3.) As relevant here, Senate Bill 1437 also added former section 1170.95, which provides a procedure by which those convicted of murder premised on either a felony murder or natural and probable consequences theory can petition for resentencing, if they could not be convicted of first or second degree murder because of changes to sections 188 or 189 by the bill. (Stats. 2018, ch. 1015, § 4; former § 1170.95, subd. (a).)

Former section 1170.95, subdivisions (b) and (c) create a process for evaluating a petitioner's eligibility for relief. (*People v. Lewis* (2021) 11 Cal.5th 952, 960-962 (*Lewis*).) The trial court initially determines whether the petition is facially sufficient under former section 1170.95, subdivision (b). (*Lewis, supra*, at p. 960.) If the petition is facially sufficient, the trial court moves on to subdivision (c), appointing counsel (if requested) and following the briefing schedule set out in the statute. (*Lewis, supra*, at

p. 966.)[3]  Following the completion of briefing, the trial court then determines whether the petitioner has made a prima facie showing he or she is entitled to relief.  (*Ibid*.)

As our Supreme Court recently explained:  "While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for [former] section 1170.95 relief, the prima facie inquiry under subdivision (c) is limited.  Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause." ' [Citations.]  '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.'  [Citations.]  'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Lewis, supra*, 11 Cal.5th at p. 971.)

B.    *Application*

Here, defendant filed a facially sufficient petition alleging the essential facts required for relief under former section 1170.95, subdivision (a).  In this appeal, the parties focused on whether the special circumstances finding that, at a minimum,

---

[3]  During the pendency of this appeal, the Legislature also enacted Senate Bill No. 775 which moved the requirement to appoint counsel to former section 1170.95, subdivision (b)(3).  (Stats. 2021, ch. 551, § 2; former § 1170.95, subd. (b)(3), eff. Jan. 1, 2022.)  Senate Bill No. 775 also amended former section 1170.95, subdivision (c) to require the court to "hold a hearing to determine whether the petitioner has made a prima facie case for relief.  If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (Stats. 2021, ch. 551, § 2; former § 1170.95, subd. (c).)  Because we conclude *post* defendant is entitled to an order to show cause and an evidentiary hearing on the current showing, whether the trial court followed this procedure in rejecting the petition is of no moment here.

6

defendant was a major participant who acted with reckless indifference to human life, bars his petition as a matter of law.

As relevant here, section 190.2, subdivision (d) provides that for the purposes of the special circumstance allegations based on the enumerated felonies in paragraph (17) of subdivision (a), which include robbery, an aider and abettor must have been the actual killer, an aider or abettor who acted with the intent to kill, or at a minimum, a "major participant" and have acted "with reckless indifference to human life." (§ 190.2, subd. (d); *Banks, supra*, 61 Cal.4th at p. 798.)

At trial in 1998, the jury found true the special circumstances allegation that defendant committed the murder of Stetka during the commission of the robbery. In so doing, the jury necessarily found defendant was either the actual killer, participated in the robbery with the intent to kill the victim, or at a minimum, he was a major participant who acted with reckless indifference to human life. There is no explicit finding in the record of conviction defendant had an intent to kill during the robbery, and the jury's finding defendant did not use a knife tends to negate that the jury found he was the actual killer.

Defendant argues the jury's special circumstance finding as it relates to his major participation in this murder and reckless disregard for human life does not make him ineligible for resentencing, because the jury made that finding before the Supreme Court clarified the analysis as to who qualifies as a major participant acting with reckless indifference to human life in *Banks* and *Clark*.

Shortly after we issued our original opinion in this case rejecting defendant's argument, our Supreme Court provided the definitive answer to this question. (See *Strong, supra,* 13 Cal.5th 698.) In *Strong*, the Supreme Court held: "Findings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill 1437. This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Id.* at p. 710.) Further,

7

our Supreme Court noted: "*Banks* and *Clark* both substantially clarified the law governing findings under . . . section 190.2, subdivision (d): *Banks* elucidated what it means to be a major participant and, to a lesser extent, what it means to act with reckless indifference to human life, while *Clark* further refined the reckless indifference inquiry." (*Id.* at. pp. 706-707.) The court concluded these two rulings reflected a significant change in the law and jury findings made prior to this change in the law did not have a preclusive effect in a subsequent petition for resentencing. (*Id.* at p. 717.)

Here, the jury made its special circumstances finding 16 years before the Supreme Court announced the change in the law in *Banks* and *Clark* as to what it is to be a major participant and to act with reasonable indifference. Accordingly, that finding does not preclude defendant from stating a prima facie case for relief. (*Strong, supra*, 13 Cal.5th at p. 710.)

Given defendant's facially sufficient petition alleging the essential facts required for relief under former section 1170.95, subdivision (a), and nothing in the record demonstrating defendant is ineligible for sentencing as a matter of law, we must remand the matter for the trial court to issue an order to show cause and hold an evidentiary hearing under former section 1170.95, subdivision (d), to determine if defendant should be resentenced. We express no opinion on the ultimate resolution of the petition.[4]

---

[4] As defendant observes, the trial court's ruling denying the petition here at the prima facie stage was based on its review of the evidence and jury instructions and factual findings the trial court made based on that review. At this initial stage of the proceedings, the trial court was limited to determining, based on the record of conviction, whether defendant made a prima facie showing he was entitled to an order to show cause and an evidentiary hearing. (*Lewis, supra*, 11 Cal.5th at p. 971.) The trial court was not permitted to examine the evidence admitted at trial and make credibility findings concerning defendant's role based on those findings at this initial stage. (*Ibid.*)

## III.  DISPOSITION

The trial court's denial of defendant's former section 1170.95 petition is reversed, and the matter is remanded for the trial court to issue an order to show cause and hold an evidentiary hearing on the petition.

/S/

_____

RENNER, J.

We concur:

/S/

_____

MAURO, Acting P. J.

/S/

_____

HOCH, J.